IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEROME VINCENT, JOHNSON** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-2336 |
| | : | |
| **GEORGE W. HILL** | : | |
| **CORRECTIONAL FACILITY** | : | |
| **WARDEN & STAFF** | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                   June 30, 2008

Jerome Vincent Johnson filed this *pro se* action presumably pursuant to 42 U.S.C. § 1983 against the George W. Hill Correctional Facility,[1] its Warden, and staff. Mr. Johnson seeks monetary relief in an amount of $100,000. The defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, a motion for summary judgment.[2] For the following reasons, I will grant the motion in its entirety with prejudice.

Under Rule 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." The rule is designed to screen out cases where

---

[1] As the motion points out, it is unclear whether Mr. Johnson is bringing an action against the George W. Hill Correctional Facility itself in addition to its Warden and staff, or just against its Warden and staff. Nevertheless, it does not matter for these purposes.

[2] A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, the defendants attached several authentic documents to their motion which have served to make some sense of Mr. Johnson's complaint. Thus, I will treat this as a motion to dismiss.

"a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999).  Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party.  ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

Because Mr. Johnson is proceeding *pro se*, his complaint should be construed liberally.  See Hartmann v. Carroll, 492 F.3d 478, 482 n.8 (3d Cir. 2007).  I am obligated

to construe all the allegations in such a complaint in favor of the *pro se* litigant. Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997).  However, in order to comply with Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has an adequate notice to frame an answer." Frazier v. SEPTA, 785 F.2d 65, 68 (3d Cir. 1986).

Thus, Mr. Johnson's complaint, however inartfully pleaded, must be held to a less stringent standard than a formal pleading drafted by a lawyer. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations and quotations omitted).  His one sentence complaint alleges "I was held for <u>ten</u> days after making parole, got immediate parole <u>25 May 07</u> with malis false imprisonment."  (Emphasis in original).

In their motion to dismiss, the defendants explain that on March 23, 2007, the Honorable Chad F. Kenney of the Court of Common Pleas of Delaware County sentenced Mr. Johnson to full back time with immediate parole upon completion of a drug treatment program known as the PREP Program provided at the prison by Pyramid Healthcare.  See Def. Exh. A.  Mr. Johnson completed the program on May 25, 2007.  See Def. Exh. B. On March 1, 2007, however, a detainer was lodged against Mr. Johnson by a district justice in Chester County, Pennsylvania.  See Def. Exh. C.  I assume, judging by Mr. Johnson's complaint, that he expected to be released on the day that he completed the

PREP Program.  However, because of the previously-lodged detainer, the prison notified the Chester County Sheriff that Mr. Johnson was ready to be transported to Chester County.  See Def. Exh. D.  After the proper arrangements were made, Mr. Johnson was discharged into the custody of the Chester County Sheriff on June 5, 2007.  See Def. Exh. F.  While the detention of a prisoner beyond the termination of his sentence can violate the Eighth Amendment, a violation only occurs if the detention is without penological justification.  Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993).  Certainly, there was such justification to detain Mr. Johnson pending the proceedings in Chester County.

Accordingly, because Mr. Johnson's complaint states a claim which he is without right or power to assert and for which no relief could possibly be granted, I will grant the defendants' motion to dismiss in its entirety with prejudice.  Port Auth. v. Arcadian Corp., 189 F.3d at 311-312.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEROME VINCENT, JOHNSON** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-2336 |
| | : | |
| **GEORGE W. HILL** | : | |
| **CORRECTIONAL FACILITY** | : | |
| **WARDEN & STAFF,** | : | |
| Defendants | : | |

**O R D E R**

**STENGEL, J.**

AND NOW, this   30th   day of June, 2008, upon consideration of the defendants' uncontested motion to dismiss or in the alternative for summary judgment (Document #10), IT IS HEREBY ORDERED that the motion is GRANTED in its entirety with prejudice.

The Clerk of Court is directed to mark this case closed for all purposes.

BY THE COURT:

  /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.